UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
CARTIER, et al.,                                  :
                                                  :     06 Civ. 5842 (RJH)
                    Plaintiffs,                   :
                                                  :
          - against -                             :     **MEMORANDUM**
                                                  :     **OPINION AND ORDER**
D & D JEWELRY IMPORTS, et al.,      :
                                                  :
                    Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendants D & D Jewelry Imports ("D & D") and Mehrdad Ansari have moved pursuant to 28 U.S.C. § 1404(a) for an order to transfer this action from the Southern District of New York to the Northern District of California. For the reasons set forth below, defendants' motion is GRANTED.

## BACKGROUND

      Defendant Ansari is the owner of D & D, a jewelry company operating a physical store in San Francisco, California and selling jewelry online both through its website at http://www.jewelplus.com and on eBay, an online auction site. Ansari has never owned or operated any stores in New York. Plaintiffs Cartier and Cartier International, B.V. (collectively, "Cartier") allege that defendants infringed Cartier's trade dress, registered trademarks, copyrights, and design patents. Prior to commencement of this lawsuit, a paralegal from the Cartier legal department in New York purchased an allegedly infringing product from defendant's website, which was subsequently shipped to New York.

By notice of motion dated October 17, 2006, defendants moved to dismiss the Complaint for lack of personal jurisdiction and improper venue, or in the alternative, to transfer the case to the Northern District of California. Shortly thereafter, defendants moved to stay all discovery pending resolution of this motion. The Court denied the motion to stay discovery in part, allowing the parties to engage in limited jurisdictional discovery, and to make simultaneous submissions supplementing the motion to dismiss. The parties sought and obtained a number of extensions of the deadline for making these submissions in order to complete discovery and engage in settlement efforts. While these efforts have been unsuccessful thus far, the defendants did stipulate to withdraw their motion to dismiss the Complaint. Therefore, only the motion to transfer pursuant to 28 U.S.C. § 1404(a) remains pending before the Court.

## DISCUSSION

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a) (2006). The burden is on the moving party, here defendants, to make a "clear and convincing showing" that transfer is proper. *Habrout v. City of New York*, 143 F. Supp. 2d 399, 401 (S.D.N.Y. 2001); *see also Factors Etc.*, *Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978) ("the burden is on the defendant, when it is the moving party, to establish that there should be a change of forum"). The moving party must demonstrate that: (1) the action is one that "might have been brought in the proposed transferee forum"; and (2) "the transfer promotes convenience and justice." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 327 (E.D.N.Y. 2006); *see also Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 56

2

(S.D.N.Y. 2001).  It is not disputed that this action could have been filed in the Northern District of California.  Therefore, the decision to transfer depends on the convenience of parties and witnesses and the interests of justice.

District courts have broad discretion in evaluating convenience and whether the transfer is in the interest of justice.  *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) ("[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."); *First City Nat. Bank and Trust Co. v. Simmons,* 878 F.2d 76, 80 (2d Cir. 1989) ("Balancing factors of convenience is essentially an equitable task. For that reason, an ample degree of discretion is afforded to the district courts in determining a suitable forum.").  A non-exclusive list of factors includes: (1) plaintiff's choice of forum, (2) the locus of the operative facts, (3) the convenience of witnesses, (4) the convenience and means of the parties, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the availability of process to compel attendance of unwilling witnesses, (7) a forum's familiarity with the governing law, (8) trial efficiency and the interest of justice based on the totality of the circumstances.  *See, e.g.*, *POSVEN, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 404 (S.D.N.Y. 2004); *Reliance Ins. Co.*, 155 F. Supp. 2d at 56–57.  "There is no rigid formula for balancing these factors and no single one of them is determinative." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).

1.	*Plaintiff's Choice of Forum*

Cartier, whose executive offices are located in Manhattan (Compl. ¶ 1), has chosen to bring this action in the Southern District of New York.  A plaintiff's choice of

forum "is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." *Royal & Sunalliance v. British Airways*, 167 F. Supp. 2d 573, 576 (S.D.N.Y. 2001); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). However, the "weight accorded to a plaintiff's choice of venue is significantly diminished . . . where the operative facts have no connection to the chosen district." *Royal & Sunalliance*, 167 F. Supp. 2d at 576.

2.   *Locus of Operative Facts*

The only connection of this case to New York is the ordering of allegedly infringing items in New York and their shipment to New York. However, the actual subject of this litigation, which is defendants' allegedly infringing activities, occurs largely in California. D & D is located in California, defendants' website is operated out of California, and the allegedly infringing items are shipped from California. It was Cartier itself that chose to place the order and receive the shipment in New York, establishing only the most marginal connection to this venue.[1] Cartier has presented no evidence of other sales to New York citizens, such that consumer confusion may have occurred in New York. For purposes of a motion to transfer, the Court finds that the locus of operative facts weigh strongly in favor of a transfer.

3.   *Convenience of the Witnesses*

Defendants contend that "the only witnesses that need to testify in this case" are Ansari and his employees. (Defs.' Mem. in Support 22.) To the extent plaintiff "need[s] any witnesses to litigate their infringement claims," defendants assert that such witnesses will not be as central as Ansari and his employees. (*Id.*) Cartier responds that it intends

---

[1] The Court expresses no view as to the potential merits of defendants' withdrawn motion to dismiss.

4

to use at least two officers and one New York expert to prove its case solely as to infringement of a watch design, and additional Cartier witnesses for the many other claims.  (Pls. Mem. of L. in Opp'n 15–16.)  The Court sees no reason to accept defendants' assertion that Cartier will not require witnesses, or that its witnesses are somehow less important than those of defendants.  In putting on its case in chief, Cartier will clearly have to call witnesses and it plausibly suggests that those witnesses are located in this district.  Therefore, potential witnesses include residents of both California (Ansari and D & D employees) and New York (Cartier employees and potentially its experts).  This factor is neutral as to a transfer.

*4.     Convenience and Relative Means of the Parties*

It would be considerably more convenient for defendants to litigate the case in the Northern District of California.  Cartier is a Delaware corporation with executive offices in New York, making it somewhat more convenient to litigate its case in New York.  It is clear that as between the two parties, however, Cartier could better afford to put on its case in California than defendants could afford to defend their case in New York.  This factor favors a transfer.

*5.     Location of Relevant Documents and Relative Ease of Access to Sources of Proof*

The defendants' documentary and physical evidence is all located in California. Cartier's documentary evidence demonstrating public recognition of the allegedly infringed designs is apparently located in New York.  The Court is not persuaded that the evidence in this case is so voluminous that the location of documents favors either district.

6.      *Availability of Process to Compel Attendance of Unwilling Witnesses*

A New York court cannot compel the attendance of non-party witnesses located in California and a California court cannot compel the attendance of non-party witnesses located in New York.  However, neither party has identified any non-party witnesses who may be unwilling to testify voluntarily.  Therefore, this factor is neutral.

7.      *Forum's Familiarity with Governing Law*

Both this district and the Northern District of California are familiar with federal copyright law and have substantial experience applying it, so this factor does not favor either jurisdiction.

8.      *Trial Efficiency*

The case has not proceeded to any noteworthy extent before this Court, such that it would be more efficient to retain it.  Both the Northern District of California and the Southern District of New York are busy urban courts with congested dockets, making neither court more efficient.  This factor is therefore neutral.

## CONCLUSION

The Court finds that Cartier's choice of forum is entitled to considerably less deference where the minimal connection to this district was generated by Cartier itself. All the other factors are either neutral or favor a transfer.  Considering the totality of the circumstances, and exercising its discretion in the interests of justice, the Court finds that a transfer to the Northern District of California is merited.  *See New Line Prods., Inc. v. Thoene*, 2007 U.S. Dist. LEXIS 56216 (S.D.N.Y. 2007) (granting transfer from Southern District of New York to Central District of California where defendants have "substantially fewer resources than [plaintiff], and . . . would find it less costly and more

convenient to litigate closer to home"). The Court therefore GRANTS defendants' motion to transfer [10] and directs the Clerk of the Court to transmit the file in this action to the Clerk of the United States District Court for the Northern District of California forthwith.

SO ORDERED.

Dated: New York, New York
September 26, 2007

                                                Richard J. Holwell
                                                United States District Judge